ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 FEB -3  AM 8: 47

CLERK _____
SO. DIST. OF GA.

| | | |
|---|---|---|
| SCOTTI BOBA TIETJENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 105-097 |
| | ) | |
| PHILANDA Y. WESTBROOK and | ) | |
| INFINITY INSURANCE COMPANY | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff, having paid the filing fee, filed the captioned case without positing an ostensible basis for the Court's subject matter jurisdiction as required by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8(a)(1). As a result, the Court is obliged to address the matter *sua sponte*.[1]

Of particular note, Plaintiff admits that she filed the "same case" in this Court over

---

[1] "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard System R. R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985)(citations omitted). Furthermore, Rule 12(h)(3) directs, "Whenever it appears by suggestion of the parties *or otherwise* that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3)(emphasis added). The Eleventh Circuit has described the extent of the Court's obligation to consider the limits of its jurisdiction *sua sponte*:

> A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking* . . . The party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist, . . . but, since the courts of the United States are courts of limited jurisdiction, there is a presumption against its existence. . . . Thus, the party invoking the federal court's jurisdiction bears the burden of proof. . . . If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte* . . . Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.

Fitzgerald, 760 F.2d at 1251 (citations omitted).

a year ago. (See doc. no. 1, p. 3). Plaintiff is referring to Tietjens v. Westbrook, CV 104-099 (S.D. Ga. June 17, 2004). On April 27, 2005, the undersigned recommended that CV 104-099 be dismissed without prejudice for lack of subject matter jurisdiction; the presiding District Judge adopted that recommendation and dismissed the case on May 23, 2005. See CV 104-099, doc. no. 13, *adopted by* doc. no. 15. Plaintiff moved for reconsideration of the dismissal, but the presiding District Judge denied that motion on November 7, 2005, as untimely. See CV 104-099, doc. no. 18.

Meanwhile, Plaintiff also filed the instant case on June 30, 2005. Quite aside from the fact that Plaintiff has done nothing to prosecute her case and there is no evidence that any Defendants have been served with process, the Court is persuaded that this case, like CV 104-099, must also be dismissed for lack of subject matter jurisdiction. Accordingly, for the reasons explained below, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice.

### I. BACKGROUND

Although the Court has already recounted Plaintiff's allegations elsewhere (see CV 104-099, doc. no. 13), the Court will review Plaintiff's factual allegations herein for the sake of clarity. Plaintiff alleges that Defendant Philanda Westbrook rear-ended her at a stoplight in 1998. (Doc. no. 1, p. 6). Police Officer Shawn Vangelder (whom Plaintiff has not named as a defendant) arrived on the scene and "treated [Plaintiff] like a criminal" by reading Plaintiff her Miranda rights and "harassed" her by following her to the hospital and demanding that she consent to a blood test. Id. According to Plaintiff, Officer Vangelder did not arrest Plaintiff or even issue her at traffic citation. Id. Nor does Plaintiff allege that Officer Vangelder ever used any physical force against her.

Following the accident, Plaintiff retained Victor Hawk (whom Plaintiff has also not named as a defendant) as her attorney in a case filed in state court against Defendants. (Id.). According to Plaintiff, Mr. Hawk settled her case without her knowledge or consent. (Id. at 6-7). Later, the state judge in Plaintiff's case (who is also not a named defendant) enforced the settlement agreement without giving Plaintiff a chance to speak. (Doc. no. 1, p. 8; doc. no. 2, p. 10). Convinced that she cannot get a fair hearing in state court and that her unspecified "civil rights" have been violated, Plaintiff now seeks "justice" in federal court. (Doc. no. 2, p. 9). Plaintiff requests various monetary damages including $2,376.86 for medical expenses, $4,000.00 for expenses related to getting a new car, and other unspecified damages against Defendant Westbrook and her insurance company, Defendant Infinity Insurance Group. (Id. at 13). Finally, although Plaintiff acknowledges that her previous case was dismissed for lack of subject matter jurisdiction, she now urges the Court to exercise jurisdiction over her case. (See doc. nos. 1, 2).

## II. DISCUSSION

As the Court has already informed Plaintiff, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 374, 377 (1994). There are two general bases for federal subject matter jurisdiction over civil cases.[2] First, the federal district courts may exercise jurisdiction over so-called "diversity cases," wherein the opposing parties are citizens of different States and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). The district courts also have jurisdiction over cases which raise "federal questions,"

---

[2] Of course, the district courts also have jurisdiction over some other types of cases, such as when the United States is a party. See 28 U.S.C. §§ 1345 (United States as plaintiff) & 1346 (United States as defendant). Nevertheless, Plaintiff has outlined no reason to suppose that any basis for jurisdiction other than those discussed herein is applicable to the instant case.

which is to say that the cases arise "under the Constitution, laws, or treaties of the United States."[3] 28 U.S.C. § 1331.

Here, Plaintiff's allegations, even construed liberally, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), are insufficient to confer jurisdiction upon the Court. First, Plaintiff has identified no "federal question" in this case, as she has not alleged that Defendants violated any particular federal statute or constitutional provision. 28 U.S.C. § 1331; Andrews v. Hotel Reed Nursing Home, 167 F. Supp.2d 1333, 1339 (S.D. Ala. 2001)(quoting Kirkland Masonry, Inc. v. Com'r Internal Revenue Service, 614 F.2d 532, 533 (5th Cir. 1980)[4]("If jurisdiction is based on the existence of a federal question, the jurisdictional allegation should state that the action arises under a particular statute or provision of the Constitution and the body of the complaint must state facts showing that the case does in fact arise under federal law.").

Of course, it is true that Plaintiff offers the vague allegation that her "civil rights" were violated; however, this allegation suffers from a fundamental problem. Defendants are a private individual (the woman who rear-ended Plaintiff) and a private corporation (the insurance company which insured the woman who rear-ended Plaintiff). To state a claim for the violation of civil rights, Plaintiff must "identify a right secured by the United States Constitution and the deprivation of that right by a person acting under color of . . . law." AirTrans, Inc. v. Mead, 389 F.3d 594, 598 (6th Cir. 2004)(internal quotation and citation

---

[3]It should also be noted that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Andrews v. Hotel Reed Nursing Home, 167 F. Supp.2d 1333, 1339 (S.D. Ala. 2001)(quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)).

[4]The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

4

omitted); see also 42 U.S.C. § 1983 (authorizing claims alleging the deprivation of constitutional rights against every persons acting under color of state law); Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971)(recognizing cause of action for violation of constitutional rights by persons acting under color of federal law). Plaintiff has neither identified the right Defendants supposedly violated nor alleged facts showing they acted under color of law. Simply put, Plaintiff has not pled any facts showing the existence of a federal question.

Nor has Plaintiff pled facts showing the existence of diversity jurisdiction. Even assuming that the parties are of diverse citizenship, Plaintiff's allegations do not show that the amount in controversy exceeds $75,000.00. Plaintiff's "failure to allege damages in the amount of at least $75,000 precludes this Court from exercising its diversity of citizenship jurisdiction over this action. Furthermore, a court 'is obligated to assure itself that the case involves the requisite amount in controversy.' " Andrews, 167 F. Supp.2d at 1340 (quoting Morrison v. Allstate Indemnity Co., 228 F.3d 1255, 1261 (11th Cir. 2000)).

In sum, Plaintiff has not provided any facts that could give rise to federal jurisdiction over her claims, and the Court must dismiss the case without prejudice. See, e.g., Andrews, 167 F. Supp.2d at 1337-40 (applying "well-pleaded complaint" rule to determine that court did not have jurisdiction over *pro se* complaint). The Court specifically notes that it cannot speculate as to whether any unpled facts exist which could conceivably give rise to jurisdiction; nor can it further advise Plaintiff regarding how she may properly invoke the Court's jurisdiction. While the Court construes Plaintiff's *pro se* filings liberally, Haines, 404 U.S. at 520-21, the Court does not have "license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action. . . ." In re

Unsolicited Letters to Federal Judges, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000) (citation omitted). Liberal construction also does not entitle the Court "to conjure up unpled allegations." McFadden v. Lucas, 713 F.2d 143, 147 n.4 (5th Cir. 1983); St. John v. United States, 54 F. Supp.2d 1322, 1323 (S.D. Fla. 1999). The case must be dismissed.

### III. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice for lack of subject matter jurisdiction.

SO REPORTED and RECOMMENDED this 3rd day of February, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE